BLUMENFELD, Appellant, v. EICHENBAUM, Respondent.

*December 2, 1959—January 5, 1960.*

58

For the appellant there was a brief by *Rubin, Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa.*

For the respondent there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Arthur B. Magidson.*

BROADFOOT, J. Upon the first appeal in this case the judgment of the trial court was affirmed with one exception. That exception dealt with the attorneys' fees and costs allowed to the plaintiff. The basis for the disallowance of the attorneys' fees and costs was that the notice required by sec. 276.27, Stats., had not been complied with. No notice had been served upon the defendant. We held that the statute is mandatory and attorneys' fees and costs could not be entered in the judgment except following a compliance with the statute. Our mandate in that case was as follows (p. 6):

"In so far as the judgment awards costs and attorneys' fee it is reversed, and cause remanded for further proceedings. In all other respects it is affirmed. No costs to either party on this appeal. Appellant to pay clerk's fees."

After the record had been remanded to the circuit court the parties could not agree upon the meaning of our decision and mandate. Plaintiff served notice upon the defendant and moved for the allowance of costs and attorneys' fees in the sum originally allowed by the trial court. The defendant,

on the other hand, moved for the entry of an amended judgment disallowing costs and attorneys' fees in accordance with the opinion and mandate of the supreme court. The trial court construed the opinion and mandate to mean that no attorneys' fees and costs should be allowed and therefore the judgment appealed from was entered and the same omitted any allowance therefor.

Our original opinion and mandate in this case seemed to us to be perfectly clear. They still do. In any event, we contemplated that upon the return of the record the plaintiff should serve the statutory notice and that the trial court should then, after hearing defendant's objections thereto, if any, allow costs and reasonable attorneys' fees. However, our determination was misunderstood and we offer our apologies. It is our purpose now to clarify it.

The defendant contends that a proper statutory notice has not yet been given. His objection is that the plaintiff did not serve the notice upon himself. It is contended that the notice must be served on all parties who are known to be residents of this state and that the plaintiff, as well as the defendant, is a resident of the state. We think this would be giving a strained construction to the statute. We do not deem it necessary for the one who gives the notice to serve or have one served upon himself.

The record will again be returned to the circuit court. Notice having been properly served, the plaintiff shall have a reasonable time after the return of the record to properly move for the allowance of costs and reasonable attorneys' fees. The defendant will then have an opportunity to object as to any item thereof and as to the amounts thereof. Any issues thereon shall be resolved by the trial court and inserted in the judgment. So that there will be no further misunderstanding, the judgment appealed from is reversed so that the original judgment, with the inclusion of such

costs and reasonable attorneys' fees as are allowed by the trial court, may be reinstated.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings consistent with this opinion.

MARTIN, C. J., took no part.